UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Law Firm of Diaz & Associates, P.A.
Adrian Johnson, Esquire
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
877-404-6487

Order Filed on February 20, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Dorinda Boyd

Case No.: 19-30993

Chapter: 13

Judge: CMG

## LOSS MITIGATION ORDER

The relief set forth on the following pages, numbered 2 and 3, is hereby **ORDERED**.

**DATED: February 20, 2020**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

[X] A Notice of Request for Loss Mitigation was filed by the debtor on January 22, 2020.

[ ] A Notice of Request for Loss Mitigation was filed by the creditor, _____ on _____.

[ ] The court raised the issue of Loss Mitigation, and the parties having had notice and an opportunity to object, and the Court having reviewed any objections thereto.

The Request concerns the following:

Property: 8 Woods Edge Court, Parlin NJ 08859

Creditor: Specialized Loan Servicing, LLC

[ ] It is hereby ORDERED that the Notice of Request for Loss Mitigation is denied.

[X] It is hereby ORDERED that the Notice of Request for Loss Mitigation is granted, and:

- The debtor and creditor listed above are directed to participate in Loss Mitigation and are bound by the court's *Loss Mitigation Program and Procedures* (LMP).

- The Loss Mitigation process shall terminate on May 10, 2020 (90 days from the date of entry of this order, unless an *Application for Extension or Early Termination of the Loss Mitigation Period* is filed under Section IX.B of the LMP.)

- The debtor must make monthly adequate protection payments to the creditor during the Loss Mitigation Period in the amount of 1,585.92 on the due date set forth in the note, including any grace period. See Section VII.B. of the LMP.

- If a relief from stay motion pursuant to section 362(d) is pending upon entry of this Order or if such a motion is filed during the loss mitigation period, the court may condition the stay upon compliance by the debtor with the fulfillment of the debtor's obligations under the Loss Mitigation Order. If the debtor fails to comply with the loss mitigation process and this Order, the creditor may apply to terminate the Order as specified in Section IX.B. of the LMP and to obtain relief from the stay.

2

- Extension or early termination of the LMP may be requested as specified in Section IX.B of the LMP.

- If this case is dismissed during the loss mitigation period, loss mitigation is terminated effective on the date of the order of dismissal.

☒ It is ORDERED that parties shall utilize the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall ensure that it is registered on the loss mitigation portal and that all of its initial loss mitigation document requirements are available on the portal.

- Within 35 days of the date of this order, the debtor shall upload and submit through the loss mitigation portal a completed Creditor's Initial Package.

- Within 14 days of the debtor's submission of the Creditor's Initial Package, the creditor shall acknowledge receipt of same and designate the single point of contact for debtor's review.

☐ It is ORDERED that the debtor is excused from use of the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall designate a single point of contact, including the name and contact information of the contact and shall specify to the debtor the forms and documentation the creditor requires to initiate a review of the debtor's loss mitigation options.

- Within 21 days after receipt of the creditor's specifications regarding forms and documentation, the debtor shall provide the requested information.

- Within 14 days of the debtor's submission, the creditor shall acknowledge receipt of the documentation.

*rev.12/17/19*

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 19-30983-CMG
Dorinda S. Boyd                                                     Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1            Date Rcvd: Feb 20, 2020
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 22, 2020.
db             +Dorinda S. Boyd,    8 Woods Edge Court,    Parlin, NJ 08859-3118

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2020                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 20, 2020 at the address(es) listed below:
              Adrian    Johnson    on behalf of Debtor Dorinda S. Boyd evanf@diazlawnow.com
              Albert    Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    Christiana Trust, a division of Wilmington Savings
               Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of
               RBSHD 2013-1 Trust dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 4