| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Movant<br>Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of RBSHD 2013-1 Trust | **Order Filed on March 30, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Dorinda S. Boyd,<br><br>Debtors. | Case No.:  19-30983 CMG<br>Adv. No.:<br>Hearing Date:  1/15/2020 @10:00 a.m.<br><br>Judge:  Christine M. Gravelle |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 30, 2020**

*Christine M. Gravelle*
Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor:     Dorinda S. Boyd
Case No.:   19-30983 CMG
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of RBSHD 2013-1 Trust, holder of a mortgage on real property located at 8 Woods Edge Court Unit D, Parlin, NJ 08859, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Adrian Johnson, Esquire, attorney for Debtor, Dorinda S. Boyd, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by May 10, 2020, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the trustee shall not pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre=petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtors shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.